UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

        Plaintiff,

    v.

DONNA SMITH, SCOTT RUSSELL, ERIC WIET, MARTIN, SCOTT ROBERTS, NICOLE BUCKINGHAM, NEIL THOMPSON, BARBARA HUTCHINSON, PATRICIA PATERSON, DEAN MASON, EDWARD WOODS, STEVEN DEMARS,

        Defendants.

CASE NO. 3:15-CV-05439-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: OCTOBER 16, 2015

    This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    On June 26, 2015 plaintiff filed his Motion to Proceed *In Forma Pauperis*. Dkt. 1. On the same date, the clerk's office sent plaintiff a deficiency letter informing him of the defects in his *in forma pauperis* application and gave plaintiff until July 27, 2015 to correct the defects in his filing. Dkt. 4. On July 15, 2015, plaintiff filed a second application to proceed *in forma pauperis*, which was a duplicate of his initial and incorrect filing. *See* Dkt. entry dated July 15, 2015; *See also* Dkt. 1.

REPORT AND RECOMMENDATION- 1

On August 7, 2015, when plaintiff failed to file correct *in forma pauperis* application, the Court ordered him to submit the full $400.00 filing fee or submit the proper *in forma pauperis* application by September 6, 2015. Dkt. 6. Plaintiff was further advised that his failure to do so would result in the Court's recommendation that his application proceed *in forma pauperis* be denied. Dkt. 6. Plaintiff has not responded to the Court's order, submitted a proper *in forma pauperis* form, or paid the $400.00 filing fee.

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). Plaintiff has not presented a proper application and, the Court has broad discretion in denying *in forma pauperis* status. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Plaintiff was given an opportunity to pay the filing fee or submit a proper IFP application. He has not done so nor has he requested additional time to comply with the Court's order. Thus, the Court recommends that this matter be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **October 16, 2015**, as noted in the caption.

Dated this 22nd day of September, 2015.

J. Richard Creatura
United States Magistrate Judge